**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RAZ IMPORTS, INC. and M&B PRODUCTS, LLC, | § § § | |
| Plaintiffs, | § § | No. 3:15-cv-02223-M |
| v. | § § | |
| LUMINARA WORLDWIDE, LLC, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs' Motion to Enjoin a Second-Filed Action [Docket Entry #10] and Defendant's Motion to Dismiss or Transfer [Docket Entry #15]. For the following reasons, the Plaintiffs' Motion to Enjoin is **DENIED**. The Defendant's Motion to Dismiss is **DENIED**, but the Defendant's Motion to Transfer to the District of Minnesota is **GRANTED**.

**I.    BACKGROUND**

Defendant Luminara Worldwide, LLC ("Luminara") is the exclusive licensee of patents for artificial flame technology used in flameless candles. Plaintiffs RAZ Imports, Inc. ("RAZ") and M&B Products, LLC, Texas corporations headquartered in Arlington, Texas, seek a declaratory judgment that flameless candles they distribute do not infringe Luminara's patent rights. RAZ is a wholesale merchant, and M&B Products is a division of RAZ that sells flameless candles using the RAZ website and operates out of the same address as does RAZ.

Luminara, a Minnesota limited liability company with its principal place of business in Minnesota, is the plaintiff in two ongoing actions in the District of Minnesota involving the same patents and the same flameless candles at issue here. Luminara filed the first Minnesota action

in August of 2014 against Shenzhen Liown Electronics Co., Ltd. ("Liown"), a manufacturer of flameless candles, and several of its other distributors ("the Liown action"). In that case, the court issued a preliminary injunction prohibiting the defendants from selling Liown's flameless candles to Luminara's customers. The injunction is on appeal to the Federal Circuit. Both the district court and the Federal Circuit have denied motions to stay the injunction pending appeal. The Minnesota district court held a claim construction hearing on September 15, 2015.

Nearly one year after the Liown action commenced, M&B Products entered into a manufacturing and distribution agreement with Liown to distribute Liown flameless candles and began to distribute the candles. Shortly thereafter, Luminara sent RAZ a cease and desist letter stating that, if RAZ and M&B Products continued to distribute Liown's flameless candles, Luminara would sue RAZ for infringement. The next day, RAZ filed this action seeking a declaratory judgment that the Liown flameless candles do not infringe Luminara's patents.

Luminara then filed a second Minnesota action, arguing that RAZ infringed its patents by distributing Liown's flameless candles.[1] The case was assigned to the same judge presiding over the Liown action. Plaintiffs have moved the Minnesota court to dismiss or stay the second Minnesota action in favor of this one, and that motion is set for hearing on December 16, 2015. The parties do not dispute that the second Minnesota action and this case involve the same parties, the same patents, and the same legal issues. They disagree about where the case should proceed and whether it should proceed while the Liown action is pending.

Plaintiffs ask the Court to enjoin the second Minnesota action. Luminara asks the Court to dismiss this case in favor of the second Minnesota action or, in the alternative, to transfer the case to the District of Minnesota.

---

[1] The complaints in both this action and the second Minnesota action have been amended to add M&B Products as a party—a plaintiff in this case and a defendant in Minnesota.

2

### II. ANALYSIS

#### a. THE FIRST-TO-FILE RULE

##### *i. Applicable Law*

The parties disagree on which circuit's law governs whether this first-filed action should proceed over the second-filed action. Generally, the Federal Circuit "applies the procedural law of the regional circuit in matters that are not unique to patent law, [but] the regional circuit practice need not control when the question is important to national uniformity in patent practice." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

The Federal Circuit has decided that "whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement raises [an] issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits." *Id.*; *see also Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by this circuit's law."); *Elecs. for Imaging, Inc. v. Coyle* 394 F.3d 1341, 1345–46 (Fed. Cir. 2005) ("[W]hether to accept or decline jurisdiction in an action for a declaration of patent rights in view of a later-filed suit for patent infringement impacts this court's mandate to promote national uniformity in patent practice. Because it is an issue that falls within our exclusive subject matter jurisdiction, we do not defer to the procedural rules of the regional circuits nor are we bound by their decisions."). The applicability of the first-to-file rule in this case is therefore governed by Federal Circuit law.

### *ii. The General Rule*

Under the first-to-file rule, "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the [later-filed action] generally is to be stayed, dismissed, or transferred to the forum of the [first-filed] action." *Futurewei Tech., Inc.*, 737 F.3d at 708; *see also In re Founds. Worldwide, Inc.*, 542 F. App'x 998, 999 (Fed. Cir. 2013). Here, there is no dispute that this action and the second Minnesota action "sufficiently overlap." The parties agree that the same parties, same patents, and same products are at issue [Docket Entry #10 at 5]. As the Court presiding over the first-filed action, this Court "is the appropriate court to determine how subsequently filed cases, involving substantially similar issues, should proceed." *Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 846 (N.D. Tex. 2009) (Lynn, J.).

The Federal Circuit applies a "general rule favoring the forum of the first-filed case, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Elecs. for Imaging, Inc.*, 394 F.3d at 1347 (citation omitted). This rule exists to "avoid conflicting decisions and promote judicial efficiency." *Futurewei Tech., Inc.*, 737 F.3d at 708. It "is not absolute" and "[e]xceptions are not rare." *Id.*; *Elecs. for Imaging, Inc.* 394 F.3d at 1347–48; *see also In re Founds. Worldwide, Inc.*, 542 F. App'x at 999 ("While the first-filed case is generally preferred, courts often ma[ke] exceptions to this rule when it would be unjust or inconvenient to defer to the first action."). Application of the rule "is generally a matter for a district court's discretion, exercised within governing legal constraints." *Futurewei Tech., Inc.*, 737 F.3d at 708.

### *iii. Anticipatory Actions*

Luminara argues that the first-to-file rule does not apply, because this suit is

"anticipatory." First-filed suits may yield to second-filed suits "when the first action was an anticipatory suit," meaning it was "designed to preempt [the second-filer's] suit and to secure [the first-filer's] own choice of forum instead." *Elecs. for Imaging, Inc.*, 394 F.3d at 1345; *In re Founds. Worldwide, Inc.*, 542 F. App'x at 999.

The mere fact that a suit seeks a declaratory judgment of non-liability does not make it an anticipatory suit. *Genentech, Inc.*, 998 F.2d at 938 ("The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action . . . absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action."). However, the Federal Circuit has found suits "anticipatory" when the defendant communicated to the declaratory judgment plaintiff a specific intent to sue that entity, particularly when the defendant provided a deadline to stop allegedly infringing conduct in order to avoid litigation. *See Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1038, 1040 (Fed. Cir. 1995); *Beach Sales & Eng'g, LLC v. Telebrands, Corp.*, 2015 WL 1930337, at *4 (N.D. Ohio Apr. 28, 2015) ("By filing this suit . . . three days before the expiration of time set . . . for compliance with the cease and desist letter, [the plaintiff] engaged in forum shopping.").

Plaintiffs rely on *Electronics for Imaging* for the proposition that a declaratory judgment suit filed after a specific threat of litigation is not necessarily "anticipatory." There, the Federal Circuit found that a first-filed suit should proceed, despite the fact that the plaintiff filed suit before the date on which the patent holder stated it would sue. However, in *Electronics for Imaging*, the court did not find the suit not to be anticipatory. 394 F.3d at 1347–48. Instead, the court assumed it *was* anticipatory and then found that an insufficient reason to dismiss the case where no other considerations—such as the convenience and availability of witnesses or the

possibility of consolidation with related litigation—suggested that it was "unjust or inefficient" for the first-filed case to proceed.

This case appears to be an anticipatory action intended to preempt Luminara from initiating a first lawsuit. Plaintiffs do not contest that the cease and desist letter prompted their suit. Based on that letter, they were aware that Luminara intended to sue if the allegedly infringing conduct did not stop by a particular date, and Plaintiffs raced to the courthouse to secure their choice of forum before that date accrued. Plaintiffs allege they acted to protect their business interests before an upcoming trade show, at which they intended to sell Liown flameless candles. They admit they anticipated that Luminara would seek injunctive relief against their doing so [Docket Entry #20 at 3–4], and they state that the cease and desist letter suggested such litigation would take place in Minnesota [Docket Entry #10 at 7]. These facts meet the definition of an anticipatory lawsuit. Anticipating that Luminara was about to seek judicial relief in another forum, Plaintiffs acted to preempt that action by filing suit in their preferred forum.[2] In contrast to *Electronics for Imaging*, additional factors, such as the possibility of consolidation with related litigation for pretrial management, the relative ease of access to sources of proof, and avoidance of inconsistent rulings, suggest that this action should not proceed in this Court.

### iii. Convenience and Suitability of the Forum

An anticipatory filing does not automatically require dismissal or transfer; it "is merely a factor in the transfer analysis." *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008); *see Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1332 (Fed. Cir. 2004). Because the "first-filed suit rule . . . will not always yield the most convenient

---

[2] Although the cease and desist letter did not threaten suit against M&B Products, because M&B Products is the division of RAZ that distributes Liown flameless candles, M&B Products must have reasonably anticipated Luminara's threatened lawsuit would similarly impact it.

and suitable forum," a trial court "must consider the real underlying dispute: the convenience and suitability of competing forums. In sum, the trial court must weigh the factors used in a transfer analysis as for any other transfer motion. . . . Instead of automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a)." *Micron Tech., Inc.*, 518 F.3d at 902–04; *see Placon Corp. v. Sabert Corp.*, 2015 WL 327606, at *2 (W.D. Wis. Jan. 23, 2015).

Under Section 1404(a), a district court may transfer a civil action to any other district or division where it might have been brought. The statute gives district courts discretion to adjudicate motions for transfer on an individualized, case-by-case basis. *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, 2008 WL 3890495, at *1 (N.D. Tex. Aug. 22, 2008) (Lynn, J.). As the parties agree, analysis of the transfer factors is governed by regional circuit law. *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1331 (Fed. Cir. 2011).

In the Fifth Circuit, "[t]he party seeking a change of venue must demonstrate that the balance of convenience and justice weighs heavily in favor of transfer." *Paragon Indus., L.P.*, 2008 WL 3890495, at *1 (quoting *Von Graffenreid, Von Burg, Kaufmann, Winzeler Asset Mgmt., Ltd. v. Craig,* 246 F. Supp. 2d 553, 563 (N.D. Tex. 2003)). A court must consider a number of private and public interest factors. *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.,* 358 F.3d 337, 340 (5th Cir. 2004)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at

home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems regarding conflict of laws or the application of foreign law.[3] *Id.* The plaintiff's choice of venue is not a distinct factor in the § 1404(a) analysis, but "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (*Volkswagen II*).

Because Luminara, a Minnesota corporation, would be subject to personal jurisdiction in the District of Minnesota, Plaintiffs' suit could have been filed in that forum. *See* 28 U.S.C. § 1391(b)(1); *Paragon Indus., L.P.*, 2008 WL 3890495, at *2. Accordingly, the Court must determine whether, in the interests of justice, the private and public interest factors support dismissal or transfer to the District of Minnesota.

### A. Private Interest Factors

#### 1. Relative ease of access to sources of proof

The accessibility of evidence remains a relevant consideration, regardless of advances in copying technology and information sources. *Siragusa v. Arnold*, 2013 WL 5462286, at *5 (N.D. Tex. Sept. 16, 2013) (Lynn, J.) (citing *Volkswagen II,* 545 F.3d at 311); *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (applying Fifth Circuit law and faulting the district court for failing to give adequate consideration to this factor).

Plaintiffs claim that the bulk of the evidence is located at their offices in Texas, arguing that in patent litigation the focus of the case is on the activity of the accused. *See In re Acer Am.*

---

[3] Luminara claims that only the private interest factors are relevant to the first-to-file rule. In support, Luminara cites cases that do not engage in a full transfer analysis, focusing instead on justice, efficiency, and convenience. However, those cases either apply Fifth Circuit law or were decided before the Federal Circuit made clear, in *Micron Tech.*, that the transfer factors are relevant to the first-to-file analysis. Because the Federal Circuit has instructed courts to "weigh the factors used in a transfer analysis as for any other transfer motion," the Court will consider all the factors typically evaluated in a § 1404 transfer analysis. *Micron Tech., Inc.*, 518 F.3d at 902-04.

*Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). They also argue that because Luminara is a licensee and Plaintiffs do not manufacture the allegedly infringing product, much of the evidence is likely to be located in California, where it claims both the inventor and Liown's U.S. office are located. Luminara responds that Liown's U.S. office is actually in Minnesota, and provides a page from Liown's website so stating.[4] Luminara argues that although discovery is typically focused where the alleged infringer does business, that is not the case where, as here, the manufacturer of the accused product is a third party located in the patent holder's preferred forum. Luminara argues that its documents and relevant employees are located in Minnesota and claims that testimony from Plaintiffs' employees, if required at all, will be limited to evidence regarding damages.

In a patent case, the preferred forum is "the center of gravity of the accused activity." *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003) (Fish, J.). "In finding that center of gravity, a district court should consider the location of [an accused] product's development, testing, research, and production" as well as "the place where the marketing and sales decisions occurred." *Id.*; *see also In re Acer Am. Corp.*, 626 F.3d at 1256. Although "[t]he location of the alleged infringer's principal place of business, therefore, is often the critical and controlling consideration in adjudicating a motion to transfer venue" [*id.*], when the alleged infringer is not involved in the "product's development, testing, research, and production," the alleged infringer's location becomes markedly less significant. *See In re Acer Am. Corp.*, 626 F.3d at 1256. Here, the manufacturer's location in

---

[4] Plaintiffs have not provided contradictory evidence. Plaintiffs alleged in their Motion to Enjoin that "Liown's US presence is . . . located in California," citing only to the patent licensed to Luminara, which apparently does not say anything about Liown [Docket Entry #10 at 9]. Luminara provided its evidence in its Response to the Motion to Enjoin [Docket Entry #13]. Plaintiffs did not address Liown's evidence in either their Reply in Support of the Motion to Enjoin [Docket Entry #20] or in their Response to Luminara's Motion to Dismiss or Transfer [Docket Entry #26]. The Court finds that Liown's U.S. office is in Minnesota.

the United States is in Minnesota. *See Micron Tech., Inc.*, 518 F.3d at 905 (finding that the Northern District of California was the appropriate forum where the defendant, a Canadian company, based its American operations there). Because the exclusive licensee and the manufacturer from which the Plaintiff buys the allegedly infringing goods are both located in the District of Minnesota, the Court finds that this factor weighs in favor of transfer.

*2. Availability of compulsory process to secure the attendance of witnesses*

The parties agree and the Court finds that this factor is neutral, neither party arguing that any material nonparty witness is within the subpoena range of only one of the two preferred courts. *See* Fed. R. Civ. P. 45(b)(2).

*3. Cost of attendance of willing witnesses*

The convenience of witnesses is often regarded as the most important factor in deciding a motion to transfer venue. *Minka Lighting, Inc.*, 2003 WL 21251684, at *2. The convenience of nonparty witnesses is accorded the greatest weight. *Id.* A party seeking a transfer must "identify the key witnesses" and "must specify clearly . . . their location and . . . make a general statement of what their testimony will cover." *Siragusa*, 2013 WL 5462286, at *6 (quoting 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851, at 221–22 (3d ed. 2007)); *see Magana v. Toyota Motor Corp.,* 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (Boyle, J.) (finding that defendant failed to show good cause for transfer based on this factor because it did not provide the name, address, or proposed testimony of any witness who could more conveniently testify in the transferee district).

Luminara states it has many important party witnesses located in Minnesota and that the burden of travel would weigh at least equally on Plaintiffs and Luminara.[5] Plaintiffs claim they

---

[5] Luminara also argues that Plaintiffs' costs are being borne by Liown. Luminara does not cite, and this Court has not found, cases treating who is paying the expenses of willing witnesses to be relevant to this factor. The Court

will likely have more witnesses than will Luminara, that Plaintiffs' witnesses are in Dallas, and that this factor slightly favors the Northern District of Texas. The parties disagree about the relative convenience of travel and lodging options in Minneapolis and Dallas.

No party names specific nonparty witnesses they expect to be inconvenienced by either forum. "The limited identification and the absence of the [nonparty] witnesses' location[s] gives the [C]ourt inadequate information from which it can determine that these witnesses will be inconvenienced or that their testimony is necessary." *Siragusa*, 2013 WL 5462286, at *6 (holding that, where the party seeking transfer did not provide adequate detail regarding the location and proposed testimony of nonparty witness, the factor was neutral); *see AllChem Performance Prods., Inc. v. Oreq Corp.,* 2013 WL 180460 (N. D. Tex. Jan.17, 2013) (Fitzwater, J.) (finding that this factor was neutral where the movants' "attempts to identify who w[ould] be witnesses [we]re too general[,]" and the movants had "adequately identified only one witness . . . for whom transfer w[ould] be more convenient").

Because Plaintiffs' and Defendant's witnesses are located in their preferred fora, both fora are in major cities with large international airports, and the parties did not provide relevant detail about nonparty witnesses, the Court finds this factor to be neutral.

### 4. Practical considerations for expeditious adjudication

The parties dispute whether this action and the Liown action can be consolidated. Luminara claims that consolidation would be likely, while Plaintiffs argue there is no realistic probability of consolidation, because the scheduling order deadlines for adding parties and claims in the Liown action have expired. Luminara responds that consolidation remains available under Federal Rule of Civil Procedure 42(a), which allows courts to join for trial or

---

will not consider it as material here.

consolidate actions with common questions of law or fact. Plaintiffs urge the Minnesota court is not likely to consolidate the cases under Rule 42(a), based on the scheduling order and potential prejudice to Plaintiffs. Consolidation for pretrial management is possible despite the scheduling order.[6] This factor weighs slightly in favor of transfer. The most efficient course is to transfer and allow the Minnesota court to determine the extent to which consolidation of the two Minnesota cases is appropriate under the circumstances.

Plaintiffs concede that "some quantum of judicial economy could be gained by proceeding in the District of Minnesota," but claim that such potential gains are largely illusory, because the outcome of the Liown action will have the same impact on the current dispute regardless of where it proceeds—it will be binding, because it involves the same patents and the same product. *See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971). In fact, this is a critically important factor. Two courts should not expend scarce judicial resources working toward a resolution of complex infringement questions when a prior court action, further along than the others, will decide the issue in a way that will likely bind the parties here. Continuing with this action presents a substantial risk of inconsistent claim constructions.

The Minnesota court is familiar with the patents-in-suit, and that experience supports this Court deferring to the second-filed action. *Taylor v. Ishida Co.*, 2002 WL 1268028, at *7-8 (N.D. Tex. May 31, 2002) (Fitzwater, J.); *see Capitol Records, Inc. v. Optical Recording Corp.,*

---

[6] The America Invents Act imposes additional requirements on joinder of parties for trial in patent cases. Specifically, it "adds a requirement that the [common] transaction or occurrence must relate to making, using, or selling of the same accused product or process" and a requirement that there be common questions of fact. *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013) (citing 35 U.S.C. § 299). Because this action and the Liown action involve the same accused product, the actions may be able to be consolidated for trial. Regardless, under Rule 42(a), the Minnesota court has authority to consolidate the cases for pretrial management as appropriate. *See C.R. Bard Inc. v. Medical Components Inc.*, No. 2:12-cv-00032 (D. Utah July 25, 2012) ("[T]he AIA does not affect the authority of a court to order pretrial consolidation of related patent cases.").

810 F.Supp. 1350, 1354 (S.D.N.Y. 1992) ("[T]he court must be educated on both the technology in general and the particular patents in suit. [The court's] knowledge gained in the earlier . . . suit will allow a significant conservation of scarce judicial resources. In addition, his experience and familiarity with the patents reduces the possibility of a mistake at trial, and the consequent use of additional judicial resources to correct the problem."). Here, the record shows that the Minnesota court has considerably more familiarity with the patents, technology, and accused device than does this Court. *See Taylor*, 2002 WL 1268028, at *7–8.

Plaintiffs urge such familiarity does not weigh in favor of transfer, because the patents are not technically challenging. However, claim construction requires extensive examination of the patents, technology, and prosecution history. Because the Minnesota court is already well along in that analysis, and it would be inefficient for this Court to duplicate that effort. This factor weighs heavily in favor of transfer.

### B. Public Interest Factors

*1. The administrative difficulties flowing from court congestion*

The parties do not argue that either venue would present administrative difficulties flowing from court congestion, and there is no evidence that the caseload in the respective fora varies significantly. Therefore, this factor is neutral.

*2. The local interest in having localized interests decided at home*

Plaintiffs claim this factor favors them, because the sale of the accused products has occurred in this district. *Paragon Indus., L.P.*, 2008 WL 3890495 at *3; *see also QR Spex, Inc. v. Motorola, Inc.,* 507 F.Supp.2d 650, 664 (E.D. Tex. 2007). However, Luminara, a Minnesota company, asserts that Plaintiffs infringed the patents exclusively licensed to it. The citizens of Minnesota "have a substantial interest in vindicating the rights of a [Minnesota] corporation,

13

particularly where the litigation centers on alleged violations of that corporation's rights." *Id.*; *Lincoln Imports, Ltd., Inc. v. Santa's Best Craft, Ltd.*, 2008 WL 1781020, *3 (S. D. Tex. Apr.16, 2008) (concluding that residents of the state in which the wronged party resides "have at least the same interest" in having the dispute resolved locally as residents of the state in which the infringing conduct allegedly occurred). Accordingly, because the citizens of Texas and Minnesota have at most equivalent, countervailing interests in local adjudication of the dispute, this factor is neutral.

> *3. The familiarity of the forum with the law that will govern the case and the application of foreign law*

Both proposed fora are equally capable of construing and applying patent law. This factor is therefore neutral.

> *4. The avoidance of unnecessary problems of conflict of laws*

Due to the national patent system and that such cases are governed by Federal Circuit law, there is no risk of material conflicting circuit precedent. However, as discussed above, if both this action and the Liown action proceed, there is a substantial risk of inconsistent holdings by the two courts. Thus, this factor favors transfer.

### III.   CONCLUSION

On balance, the relevant factors weigh in favor of transfer. In the interests of justice and judicial economy, therefore, this case is **TRANSFERRED** to the District of Minnesota. Plaintiffs' Motion to Enjoin is therefore denied, as is Defendant's Motion to Dismiss.

**SO ORDERED**.

November 3, 2015.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

14